**HAWAII CALLS, LTD., Plaintiff,**
v.
**PERFUMES POLYNESIA, LTD. and C. M. Associates, Inc., Defendants.**
Civ. No. 74-52.

United States District Court,
D. Hawaii.
Aug. 28, 1975.

Jack Halpin, Terence James O'Toole, Carlsmith, Carlsmith, Wichman & Case, Honolulu, Hawaii, for plaintiff.

William R. Loomis, Conroy, Hamilton, Gibson, Nickelsen & Rush, Honolulu, Hawaii, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WONG, District Judge.

This action having come on for trial without jury on July 8, 1975, and the Court having heard the evidence and considered the written memoranda and oral argument of counsel, finds the facts, and states its conclusions of law thereupon, as follows:

## FINDINGS OF FACT

1. Plaintiff is a Hawaii corporation, and is the successor registrant of that certain service mark "Hawaii Calls," registered with the United States Patent Office on September 1, 1959, being Registration No. 568,679, in Class 107 (For: vocal and musical entertainment services presented through the medium of radio, television and personal appearance performances). The original registrant of the Service Mark was Webley Edwards of Honolulu, Hawaii (d/b/a Hawaii Calls Productions). In October of 1972, Mr. Edwards sold and assigned the Service Mark to Plaintiff.

2. Defendants Perfumes Polynesia, Ltd. and C. M. Associates, Inc. are Hawaii corporations. Perfumes Polynesia, Ltd. is a wholly-owned subsidiary of C. M. Associates, Inc. On July 31, 1973, the United States Patent Office issued to C. M. Associates, Inc., doing business as Perfumes Polynesia, registration of the trade mark "Hawaii Calls . . . .," being Registration No. 965,238, in Class 51 (For: perfumes and colognes). Defendant C. M. Associates, Inc. had previously, on November 10, 1971, registered the mark with the Department of Regulatory Agencies, State of Hawaii, for use in connection with women's perfume, under the provisions of Chapter 482, Hawaii Revised Statutes.

3. On or about July 4, 1935, Webley Edwards created and first aired a radio program called "Hawaii Calls" featuring Hawaiian music and entertainment. Except for an apparent break during World War II, the radio program has been aired continuously since its inception, and continues at this time. At all times it has been a weekly program taped in Honolulu. In recent years the program has been taped weekly before a live audience at the Halekulani Hotel in Waikiki. From the time of inception of the program until January of 1972, Webley Edwards was its announcer and leading personality. Thereafter and continuing to this date, Danny Kaleikini, a well-known Hawaii entertainer and singer, has been the announcer and a performer for the program.

4. Until very recently, the radio program tapes were distributed to radio stations on a no-charge basis. At all relevant times until December 31, 1973, the program was financially sponsored by the Hawaii Visitors Bureau, an association itself supported by funds from the State of Hawaii. Although Plaintiff has from time to time received revenues from the sales of "Hawaii Calls" record and tape albums, and also from the Halekulani Hotel ($275.00 per week in recent times), these moneys have been a small percentage of the program's cost of production, and almost the entire funding of the program was by the Ha-

waii Visitors Bureau until the end of 1973. The Hawaii Visitors Bureau contributed in excess of $2,000,000 to "Hawaii Calls" as of the end of 1973. At that time, the Hawaii Visitors Bureau discontinued all financial support of the program.

In May of 1975, in an effort to generate outside revenues, Plaintiff contacted the approximate 125 radio stations then airing the radio program and advised them that free tapes could no longer be supplied. Plaintiff requested that the stations subscribe to pay a charge of approximately $15 for each weekly taped program provided by Plaintiff. This was a flat charge for one month's use of each taped weekly radio program, with the stations free to air the program as many times during the month as they might choose. As at the time of the trial, following the decision of Plaintiff not to continue providing free program tapes, only 10 to 15 stations, mostly in Hawaii, were continuing to air the program (on a pay basis as described).

5. In recent years, those stations which have been airing the program outside of Hawaii (Canada and mainland United States) have done so mainly on weekend evenings. The Hawaii stations currently airing the program include stations on all four major Hawaii islands (Kauai, Oahu, Maui and Hawaii). The program is an English language program, and there is no indication that it has been aired in recent years, if ever, to audiences in the Orient or other non-English speaking areas (Mexico possibly excepted).

6. In recent years the appeal and the audience of the program have diminished significantly. The name "Hawaii Calls" in the context of the radio program was well-known in former times, particularly in connection with the name of Webley Edwards.

7. In 1970, Defendant C. M. Associates, Inc. developed and introduced to the market in Hawaii a line of women's perfumes and colognes and men's co-

lognes and after-shave lotions under the brand name "Perfumes Polynesia." The Perfumes Polynesia line is targeted toward tourists visiting in Hawaii, particularly in Honolulu and Waikiki. Subsequently, Defendant C. M. Associates, Inc. incorporated Perfumes Polynesia, Ltd. to carry on the perfume aspect of its business. Defendant Perfumes Polynesia, Ltd. sells its products at wholesale to various retail stores in Hawaii. There are also some sales to retail stores in Hong Kong and on the island of Guam.

The Perfumes Polynesia line carries such fragrance names as "Plumeria," "Orchid," "Pikake," "Hibiscus," "White Ginger" and "Anthurium" in connection with women's perfumes and colognes, and the names "Two Paddle" and "Hawaiian Warrior" in connection with men's colognes. All of the foregoing are names intended to associate the product with Hawaii.

In terms of packaging, the fragrance names generally predominate in size and prominence over the brand name "Perfumes Polynesia" which is also contained on packaging and labelling. The Perfumes Polynesia products also, apparently to comply with applicable packaging laws, carry the name and address of Defendant Perfumes Polynesia, Ltd. and identify it as distributor.

At the retail store level, the Perfumes Polynesia line is shelved together on separate display stands supplied by the Defendants, often topped by a large sign denoting the brand name "Perfumes Polynesia" (sometimes also in the Japanese language). Defendants utilize little, if any, media advertising. Point of sale display (signs, fanciful packaging and brochures at the retail counter) are the near-exclusive method of promotion.

8. In late 1971, two of Defendants' officers, Dennis Mahoney and Radford Small became interested in adding a new fragrance to the Perfumes Polynesia line called and marked "Hawaii Calls . . . .". Messrs. Mahoney and Small,

through their respective fathers, could be characterized as acquaintances of Webley Edwards, and knowledgeable about the radio program. During the period late 1971 through June of 1972, Messrs. Mahoney and Small paid visits to Webley Edwards and discussed with him the possibility of an arrangement with him providing for the use of the "Hawaii Calls" name as a fragrance name within the Perfumes Polynesia line. The discussions culminated in an actual written offer made by Defendant C. M. Associates, Inc. to Mr. Edwards wherein, among other things, there was offered a remuneration of 2% of the net sales of the Hawaii Calls fragrance and free samples to the radio program in return for use of the name. In doing so, Defendant C. M. Associates, Inc. was seeking Webley Edwards' permission to use his registered mark "Hawaii Calls" in connection with the sales of the perfume and cologne as well as seeking active sponsorship and promotion on the part of the radio program. The offer was not accepted, and no agreement was ever reached.

At the time of the offer, Mr. Edwards was in the process of negotiating a sale of his Service Mark and of the radio program, including all his interest in Plaintiff. (Mr. and Mrs. Edwards owned all of the capital stock of Plaintiff.) Such sale was, in fact, consummated in October of 1972, and at that time, Mr. and Mrs. Edwards sold all their interest in Plaintiff, including their interest in the Service Mark.

9. Without the approval of Mr. Edwards or of Plaintiff, Defendant C. M. Associates, Inc. commenced marketing the fragrance called "Hawaii Calls . . ." in May of 1972, and this has continued through date hereof. As previously touched upon, the entire Perfumes Polynesia line is a tourist gift item marketed mainly in Hawaii and targeted at visiting tourists. The appeal of the line to local residents is apparently minimal. With the recent growth in the number of tourists arriving from Japan, more than half of the Perfumes Polynesia products, including the "Hawaii Calls . . ." fragrance, are being purchased at retail by tourists from Japan as remembrances of Hawaii to take home for use or as gifts. Tourists from Japan can be considered for most part to be non-English speaking and not familiar with Plaintiff's radio program. At no time have the Defendants, through advertising or other form of communication, held out that there is any connection with, or sponsorship by, the radio program.

10. No evidence has been presented of any actual instance to date wherein a purchaser of the perfume in question has been misled, deceived or confused into a purchase by reason of some association with Plaintiff's radio program.

11. There is evidence of other users of the name "Hawaii Calls" in Hawaii. For example, "Hawaii Calls U–Drive Enterprises, Inc." is a Hawaii corporation in existence since its incorporation on March 18, 1966.

12. Plaintiff, aside from the record and tape albums previously mentioned, has never marketed (or sponsored) any tangible personal property (goods) of any sort.

13. No evidence has been presented of any pecuniary damage or loss suffered by Plaintiff by reason of Defendants' use of the Trade Mark.

CONCLUSIONS OF LAW

1. Plaintiff's Complaint filed March 11, 1974, aside from a claim for mark infringement under the Lanham Act, 15 U.S.C. Section 1051 *et seq.*, sets forth claims sounding in the nature of common law unfair competition, and for deceptive trade practice under the Uniform Deceptive Trade Practice Act, Chapter 481A, Hawaii Revised Statutes (Supp.1974). In the prayer of the Complaint, Plaintiff requests that the Court

**608**

enjoin the Defendants from all further use of the name "Hawaii Calls," that the Court order cancellation of Defendants' Federal and Hawaii trade mark registrations, and that Plaintiff be awarded damages and costs.

2. The controlling provision with respect to Plaintiff's claim under the Lanham Act is found at 15 U.S.C. Section 1114 which in pertinent part states:

"(1) Any person who shall, without the consent of the registrant—(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with *which such use is likely to cause confusion, or to cause mistake, or to deceive;* . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided." (Emphasis added.)

The Court concludes that a finding of "likelihood of confusion" is necessary to any recovery by Plaintiff on any of its claims. In briefing and in closing argument, counsel for Plaintiff placed main reliance upon the case of *Alfred Dunhill of London, Inc. v. Kasser Distillers Products Corp.,* 350 F.Supp. 1341 (E.D.Pa.1972), and counsel for Defendants placed main reliance upon the case of *General Motors Corp. v. Cadillac Marine and Boat Co.,* 226 F.Supp. 716 (W. D.Mich.1964). While these precedents are of help to the Court, cases in this area depend and revolve upon their particular facts and circumstances, such that prior cases are not absolutely controlling.

3. Plaintiff's Service Mark "Hawaii Calls" was at one time a strong mark. In recent years, however, it has diminished and it is no longer a strong mark. Therefore, it is not "distinctive" and it no longer has a secondary meaning.

4. Defendants did have a specific intent to capitalize on Plaintiff's Service Mark "Hawaii Calls" at the time they decided to use this name on their products lines. If all other factors were equal, the Court would be compelled to find in favor of Plaintiff in this case. However, as noted above, due to the fact that it is no longer a strong mark and no longer entitled to the protection afforded a strong mark, the Court is precluded from reaching such a result.

5. The Court cannot find any confusion as to source as Plaintiff does not manufacture or distribute goods.

6. "Hawaii Calls" is not strictly a geographic name as urged by Defendants. This factor, however, is not a major factor in the Court's decision.

7. Defendants' use of the Trade Mark "Hawaii Calls . . ." does not constitute a deceptive trade practice within the provisions of Chapter 481A, Hawaii Revised Statutes (Supp. 1974).

8. Defendants' use of the Trade Mark "Hawaii Calls . . ." does not constitute an unfair method of competition, nor an unfair or deceptive practice.

9. Defendant C. M. Associates, Inc. is entitled to continued registration of the Trade Mark "Hawaii Calls . . ." with the Department of Regulatory Agencies, State of Hawaii.

10. Defendant C. M. Associates, Inc. is entitled to continued registration of its Trade Mark "Hawaii Calls . . .", being Registration No. 965,238 in Class 51.

Following entry of judgment herein, pursuant to 15 U.S.C. Section 1119 (1946), the Clerk of the Court shall certify to the Commissioner of Patents, United States Patent Office, a true copy of this Order, and of the judgment thereupon.